KM

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Ray Palmer,<br><br>             Plaintiff,<br><br>vs.<br><br>Wexford Medical, et al.,<br><br>             Defendants. | No.  CV 12-8214-PCT-DGC (MHB)<br><br>**ORDER** |

      On October 22, 2012, Plaintiff Donald Ray Palmer, who is confined in the Arizona State Prison Complex-Winslow, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a December 11, 2012 order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the order.

      On December 13, 2012, Plaintiff filed a First Amended Complaint (Doc. 8) and Motion for Preliminary Injunction (Doc. 9). On December 19, 2012, Plaintiff filed a Motion to Strike Amended Complaint (Doc. 10), asking that the Court strike his December 13th pleading because he filed it before he received the Court's screening order. The Court will grant the Motion to Strike.

      On January 7, 2013, Plaintiff filed a new First Amended Complaint (Doc. 11) and second Motion for Preliminary Injunction (Doc. 12). The Court will order Defendants

TERMPSREF

Stowell and Ryan to answer the First Amended Complaint and the January 7, 2013 Motion for Preliminary Injunction.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less

stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

## II.     First Amended Complaint

Plaintiff names Wexford Health Services Manager Elise Stowell and Arizona Department of Corrections Director Charles Ryan as Defendants in the First Amended Complaint. Plaintiff raises two claims for relief.

Plaintiff states that he suffers from serious knee injuries that cause him unbearable pain and limit his ability to walk and navigate the hilly terrain of the Winslow Complex. Plaintiff states that he requested, and his doctor supported, a transfer to another Complex with flat terrain and handicap access. Plaintiff states that in order to receive the transfer, he was told that he would have to cancel an appointment with an outside specialist and would have to resume treatment after his move. Plaintiff canceled the appointment and requested a transfer.

In Count One, Plaintiff claims that Defendant Stowell violated his Eighth Amendment rights when she was deliberately indifferent to his medical needs by both denying his transfer to a new unit and refusing to reschedule Plaintiff's appointment with the specialist.

In Count Two, Plaintiff claims that Defendant Ryan violated his Eighth Amendment rights when he also denied Plaintiff's request for transfer and denied Plaintiff's request to reschedule the appointment with specialist.

Plaintiff claims that as a result of Defendants' actions he suffers extreme pain that is aggravated by the difficult terrain at the Winslow Complex and the lack of handicap accessible facilities.

Plaintiff seeks money damages and injunctive relief. Liberally construed, Plaintiff has stated Eighth Amendment medical claims against Defendants Stowell and Ryan. The Court will require Defendants to answer the First Amended Complaint.

## III.    Motions for Preliminary Injunction

Plaintiff seeks a preliminary injunction requiring Defendants to transfer him to a

more appropriate facility during the pendency of this action. Plaintiff alleges that the severity of his knee injuries is indisputable and that his continued confinement in the Winslow Complex will cause him to suffer irreparable deterioration in his knee. The Court will require Defendants to answer the January 7, 2013 Motion for Preliminary Injunction (Doc. 12). The Court will deny as duplicative the December 13, 2012 Motion.

## IV. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

TERMPSREF

**IT IS ORDERED:**

(1) Plaintiff's December 19, 2012 Motion to Strike Amended Complaint (Doc. 10) is **granted**; the Clerk of Court **must strike** the December 13, 2012 First Amended Complaint (Doc. 8).

(2) Plaintiff's December 13, 2012 Motion for Preliminary Injunction (Doc. 9) is **denied**.

(3) Defendants Stowell and Ryan must answer the January 7, 2013 First Amended Complaint (Doc. 11).

(4) Defendants Stowell and Ryan must file a response to the January 7, 2013 Motion for Preliminary Injunction (Doc. 12) within 20 days of the date of service of this Order. Plaintiff may file a **reply** within 10 days of Defendants' response.

(5) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 11), this Order, the January 7, 2013 Motion for Preliminary Injunction (Doc. 12) and both summons and request for waiver forms for Defendants Stowell and Ryan.

(6) Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

1   (8) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, a copy of the January 7, 2013 Motion for Preliminary Injunction, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

   (a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

   (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

TERMPSREF

(11) Defendants must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13) This matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 15th day of March, 2013.

David G. Campbell
United States District Judge